UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICARDO MUNOZ | No. 21 CR 272<br><br>Hon. John F. Kness |

**GOVERNMENT'S MOTION TO REVOKE SUPERVISED RELEASE**

The UNITED STATES OF AMERICA, by its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully submits this memorandum in support of its motion to revoke defendant's term of supervised release. As detailed below, the government lays out the evidence that it plans to present at the revocation hearing scheduled for August 15, 2024. Defendant violated his terms of supervised release by driving while intoxicated on May 23, 2024. As a result, the government respectfully requests that the Court revoke defendant's term of supervised release and sentence him to a term of imprisonment within the advisory guidelines range of three to nine months' imprisonment followed by an additional term of supervised release.

## BACKGROUND

On April 29, 2021, defendant was charged in a 16-count indictment charging 15 counts of wire fraud and one count of engaging in a monetary transaction in property derived from specified unlawful activity. The charges were premised on defendant's yearslong embezzlement from a political action committee during a period of time in which he was also an alderman for the City of Chicago's 22nd Ward. On September 27, 2021, defendant pled guilty pursuant to a written plea agreement

to one count of wire fraud and one count of engaging in a monetary transaction in property derived from specified unlawful activity. On March 17, 2022, the Court sentenced defendant to a 13-month term of imprisonment and an 18-month term of supervised release.

The conditions of supervised release including the following conditions: defendant "shall not commit another Federal, State, or local crime" (Mandatory Condition #1) and "shall refrain from any use of alcohol" (Discretionary Condition #7). On June 18, 2024, the Probation Department filed a violation report premised on a May 23, 2024 arrest of defendant by the Berwyn, Illinois Police Department for driving under the influence of alcohol.

According to the police report, witnesses told law enforcement that the vehicle operated by the defendant veered into oncoming traffic and "slow rolled" into another vehicle. The police report also states that witnesses observed the defendant unresponsive and slumped at the steering wheel of his vehicle when first responders arrived on the scene. The police report also notes that law enforcement observed an open hallway empty bottle of alcohol in the defendant's vehicle, and that the defendant told first responders that he had consumed alcohol that day. Defendant was also transported to Rush University Medical Center ("Rush").

The still shots below are from the body worn camera of an officer who arrived on the scene and shows the bottle of alcohol located on the front passenger seat of the vehicle defendant was driving.



According to the Probation Department's violation report, defendant admitted to his Probation Officer that he had "relapsed." Further, according to medical records from Rush[1], medical personnel performed a blood alcohol test on defendant at approximately 7:00 p.m. on May 23, 2024, which revealed an ethanol level with a value of 338. Defendant has stipulated that medical personnel from Rush would testify that a blood test yielding an ethanol level with a value of 338 corresponds to a blood alcohol concentration of approximately 0.3, as detailed below. *See* Stipulation #3, Ex. 1.

---

[1] These records are being filed under seal.

```
Alcohol (Eth) [453607197] (Final result)                                          Status: Completed
Electronically signed by: Ramsay, Nicolas, MD on 05/23/24 1740
Ordering user: Ramsay, Nicolas, MD 05/23/24 1740      Ordering provider: Ramsay, Nicolas, MD
Authorized by: Ramsay, Nicolas, MD                    Ordering mode: Standard
Frequency: Routine Routine 05/23/24 1741 - 1 occurrence   Class: Print Label On Demand
Quantity: 1                                           Lab status: Final result
Instance released by: Ramsay, Nicolas, MD (auto-released) 5/23/2024 5:40 PM
Specimen Information
  ID            Type         Source        Collected By
  52287737      —            —             05/23/24 1940

Alcohol (Eth) [453607197] (Abnormal)          Resulted: 05/23/24 2023, Result status: Final result
Ordering provider: Ramsay, Nicolas, MD 05/23/24 1740   Order status: Completed
Filed by: Epic, Interface Incoming Lab Results 05/23/24 2023   Collected by: 05/23/24 1940
Resulting lab: RUSH MEDICAL LABS

Components
  Component         Value       Reference Range   Flag    Lab
  ETHANOL           338         Not Detected      H^      153
                                mg/dL

Testing Performed By
  Lab - Abbreviation   Name              Director    Address           Valid Date Range
  6 - RML              RUSH MEDICAL      Unknown     Unknown           07/23/20 1149 - Present
                       LABS
  153 - Unknown        RUSH OAK PARK     Unknown     520 S Maple       01/05/16 1122 - Present
                       HOSPITAL                      OAK PARK IL 60304

Alcohol (Eth) [453607197]                     Resulted: 05/23/24 1949, Result status: In process
Ordering provider: Ramsay, Nicolas, MD 05/23/24 1740   Order status: Completed
Filed by: Epic, Interface Incoming Lab Results 05/23/24 1949   Collected by: 05/23/24 1940
Resulting lab: RUSH MEDICAL LABS

Testing Performed By
  Lab - Abbreviation   Name              Director    Address           Valid Date Range
  6 - RML              RUSH MEDICAL      Unknown     Unknown           07/23/20 1149 - Present
                       LABS
```

As a result of this incident, defendant was issued tickets alleging that he drove under the influence of alcohol, in violation of 625 Ill. Comp. Stat. 5/11-501(A)(2), and failed to reduce his speed, in violation of 625 Ill. Comp. Stat. 5/11-601(a). Both of these offenses are misdemeanors under state law. Defendant has a pending case in the Circuit Court of Cook County. *See People v. Munoz*, No. 24 TR 40009578.

As a result of the incident on May 23, 2024, defendant violated his terms of supervised release because he committed a state crime (driving under the influence of alcohol) and used alcohol while on supervised release, both of which are Grade C violations. *See* U.S.S.G. § 7B1.1(a)(3).

## LEGAL STANDARD

Title 18, United States Code, Section 3583(e)(3) provides in part that the Court may revoke a term of supervised release if the Court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . ." 18 U.S.C. § 3583(e)(3). Although a revocation hearing is not a formal trial and the rules of evidence likewise do not apply, the evidence still needs to be reliable. *See United States v. Mosley*, 759 F.3d 664, 667-68 (7th Cir. 2014); *United States v. Jordan*, 742 F.3d 276, 280 (7th Cir. 2014).

Further, the Sentencing Guidelines define Grade C violations of supervised release as a misdemeanor state offense or a violation of a condition of supervised release that is not a felony, crime of violence, narcotics offense, or conduct that involves the use of a firearm. U.S.S.G. § 7B1.1(a)(1)-(3). The guidelines further provide that "[u]pon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision." *Id*. § 7B1.3(a)(2).

"When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(h). "The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." *Id*.

5

**ARGUMENT**

On May 23, 2024, defendant operated a motor vehicle while intoxicated. Law enforcement recovered a half empty bottle of rum from the front seat of defendant's vehicle. Hours later, defendant's blood alcohol level was over 0.3. And, this is not the first time that defendant has gotten into a vehicle while extremely inebriated while under this Court's supervision. On August 30, 2021, while on bond in the present case, defendant was found in a vehicle by the Riverside, Illinois Police Department and a preliminary breath test yielded a result of 0.214. *See* Presentence Investigation Report, ¶ 42. Defendant was charged in that case with driving under the influence, but the matter was dismissed by the state on July 1, 2022. *See People v. Munoz*, No. YH000173950.

Under Illinois law, it is unlawful for a person to "be in actual physical control of any vehicle within this State while . . . the alcohol concentration in the person's blood, other bodily substance, or breath is 0.08 or more based on the definition of blood and breath units in Section 11.501.2. *See* 625 Ill. Comp. Stat. § 5/11-501(a)(1). A person with a blood alcohol concentration at or in excess of 0.08 is presumed to be under the influence of alcohol. *See* 625 625 Ill. Comp. Stat. § 5/11-501.2(b)(3). Here, the blood test performed by medical personnel at Rush yielded a blood alcohol concentration of 0.3, which is well in excess of the statutory limit.

Defendant also admitted to consuming alcohol on May 23, 2024. The blood alcohol test confirms that defendant had consumed alcohol to such an excess that day that he was physically incapable of driving a vehicle. The body camera footage that the government will play at the revocation hearing also corroborates this fact:

defendant had trouble standing up straight and was taken away from the scene on a stretcher. The half empty bottle of rum in the front seat also corroborates that defendant was severely intoxicated while operating his vehicle on May 23, 2024.This incident also occurred in the afternoon at a busy intersection. Fortunately, no one was hurt.

Based on these facts, defendant clearly violated his supervised release. Given that it is a grade C violation, defendant's advisory guidelines range is three to nine months' imprisonment. The government recommends a sentence within the guidelines range. Indeed, other courts have revoked supervised release when defendants drive under the influence of alcohol given the danger that this crime poses to the public at large and to the defendants themselves. *See, e.g.*, *United States v. Childs*, 39 F.4th 941, 945-46 (7th Cir. 2022) ("The court inferred that [defendant] imposed a significant threat to the public because of the risk that he would again combine driving with the consumption of alcohol and controlled substances. That was an eminently reasonable inference to draw from the undisputed facts.").

## CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court revoke defendant's term of supervised release and sentence him to a term of imprisonment within the advisory guidelines range of three to nine months' imprisonment followed by an additional period of supervised release.

Dated: August 12, 2024　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　MORRIS PASQUAL
　　　　　　　　　　　　　　　　　　　　Acting United States Attorney

　　　　　　　　　　　　　　　　By:　　*/s/ Jared Hasten*
　　　　　　　　　　　　　　　　　　　　JARED HASTEN
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorneys
　　　　　　　　　　　　　　　　　　　　219 S. Dearborn Street, 5th Floor
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60604
　　　　　　　　　　　　　　　　　　　　(312) 353-5300

## **CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies that the foregoing was served on August 12, 2024 in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, L.R. 5.5 and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as the ECF filers.

                                              /s/ Jared Hasten